IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| NILTON IDARRAGA, | ) | CASE NO. 3:14-CV-01344-HLA-JRK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ATLAS ACQUISITIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MOTION TO STAY DISCOVERY AND FOR PROTECTIVE ORDER PENDING
RESOLUTION OF THE DISPOSITIVE MOTION TO DISMISS AND
MEMORANDUM OF LAW**

Defendant, Atlas Acquisitions, LLC ("Atlas"), by and through its undersigned attorneys, moves this Court for an order staying discovery pending a ruling on Atlas' pending Motion to Dismiss and for entry of a protective order pursuant to Fed. R. Civ. P. 26(c) allowing Atlas to refrain from responding to Plaintiff, Nilton Idarraga's ("Plaintiff"), First Set of Interrogatories and First Request for Production of Documents and Other Tangible Things, served May 7, 2015, until thirty (30) days after Atlas' pending Motion to Dismiss is resolved and states as follows:

1.      On November 3, 2014, Atlas removed Plaintiff's two count Complaint to this Court.  The Complaint alleges violations of the Federal Debt Collections Practices Act ("FDCPA") and the Florida Consumer Collections Practices Act ("FCCPA") based on Atlas' filing a Proof of Claim in Plaintiff's Chapter 13 Bankruptcy case.  [Dkt. 2].

2.      On November 10, 2014, Atlas filed its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  [Dkt. 5].

3.      On May 7, 2015, Plaintiff propounded Plaintiff's First Set of Interrogatories to Defendant and Plaintiff's First Request for Production of Documents and Other Tangible Things to Defendant.

4.      The discovery requests are premature given the pendency of the dispositive Motion to Dismiss.

5.      Accordingly, Atlas respectfully requests the entry of an order staying discovery in this case until the Motion to Dismiss has been resolved and for the entry of a protective order allowing Atlas to refrain from responding to Plaintiff's First Set of Interrogatories and First Request for Production of Documents and Other Tangible Things, served May 7, 2015, until thirty (30) days after Atlas' pending Motion to Dismiss is resolved.

## MEMORANDUM OF LAW

The Court has broad discretion to stay discovery "for good cause shown." Fed. R. Civ. P. 26(c); *See also, e.g., Pierre's Resort LC v. Interstate Management Co., Inc*., 2009 WL 395788, *1 (M.D. Fla. 2009) ("An order staying discovery pending resolution of a dispositive motion is within the Court's discretion."); *Panola Land Buyers Ass'n v. Shuman*, 762 F. 2d 1550, 1560 (11th Cir. 1985) ("magistrate has broad discretion to stay discovery pending decision on a dispositive motion."); *Nankivil v. Lockheed Martin Corp*., 216 F.R.D. 689, 692 (M.D.Fla. 2003). ("courts have held [that] good cause to stay discovery exists wherein 'resolution of a preliminary motion may dispose of the entire action'").    Here, Atlas' Motion to Dismiss should be decided before the parties commence discovery.

In *Chudasama v. Mazda Motor Corp*., 123 F. 3d 1353 (11th Cir. 1997), the Eleventh Circuit determined that challenges to the legal sufficiency of a claim should often be resolved before discovery begins.  In that case, the defendant filed a motion to dismiss for failure to state a

claim upon which relief could be granted, but the district court allowed discovery and other pretrial proceedings to go forward without ruling on the motion.  The Eleventh Circuit reversed and held that the discovery should have been stayed pending disposition of the motion based on the significant burdens and expenses imposed by the discovery process:

> Discovery imposes several costs on the litigant from whom discovery is sought. These burdens include the time spent searching for and compiling relevant documents; the time, expense, and aggravation of preparing for and attending depositions; the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged. The party seeking discovery also bears costs, including attorneys' fees generated in drafting discovery requests and reviewing the opponent's objections and responses. Both parties incur costs related to the delay discovery imposes on reaching the merits of the case. Finally, discovery imposes burdens on the judicial system; scarce judicial resources must be diverted from other cases to resolve discovery disputes.

*Id*. at 1367-68. Because of these burdens, the Eleventh Circuit held that "[f]acial challenges to the legal sufficiency of a claim…, such as a motion to dismiss based on failure to state a claim for relief, should…be resolved before discovery begins." *Id*. at 1367.

The Eleventh Circuit has repeated its admonition that discovery should be stayed pending the resolution of dispositive motions in *Cotton v. Mass. Mut. Life Ins. Co*., 402 F. 3d 1267, 1292-93 (11th Cir. 2005) and *Horsley v. Feldt*, 304 F. 3d 1125, 1131 n.2 (11th Cir. 2002); *See also In re Managed Care litigation*, 2001 WL 664391, at *2 (S.D. Fla. June 12, 2001) ("[t]his Court firmly abides by *Chudasama's* instructions that '[d]iscovery should follow the filing of a well-pleaded complaint[,]' and that 'any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage' ").

*Chudasama* is consistent with prior decisions from the Eleventh Circuit and with decisions of other circuits, including the former Fifth Circuit, granting the stay of broad-based merits discovery pending disposition of a potentially dispositive motion. For example, in *Patterson v. U.S. Postal Service*, 901 F.2d 927, 929 (11th Cir. 1990), the Eleventh Circuit held that the trial court did not abuse its discretion in staying discovery pending the outcome of defendant's motion to dismiss or for summary judgment. Similarly, in *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976), the former Fifth Circuit upheld the trial court's determination that the plaintiff's general discovery should not go forward until the defendants' summary judgment motion could be resolved. *Id.* Further, in *Corwin v. Marney, Orton Investments*, 843 F.2d 194, 200 (5th Cir. 1988), the Fifth Circuit again emphasized the benefits of limiting plaintiff's discovery "pending a decision on a dispositive motion."

Pursuant to this controlling case law, the Court need only "take a 'preliminary peek' at the merits of a dispositive motion to see if it 'appears to be clearly meritorious and truly case dispositive.'" *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (*citing Feldman v. Flood*, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997)). In *McCabe*, the magistrate judge stayed discovery pending resolution of a motion to dismiss because "[a] preliminary peek at the motions to dismiss reveals Defendants have raised meritorious challenges to the legal sufficiency of the Verified Amended Complaint." Even though the ultimate question of whether the complaint could withstand the challenges was a matter for consideration by the district judge, the magistrate judge found that "under the framework of *Chudasama* and *Feldman*... Defendants have met their burden and have shown cause for entry of a protective order staying discovery until such time as the pending motions to dismiss are resolved." *Id.* at 687.

The same is true here.  Atlas' Motion to Dismiss is both meritorious and case dispositive. The Motion to Dismiss raises several instances in which Plaintiff not only fails to allege facts that would state a claim for relief, but also in which Plaintiff cannot state a claim for relief where the bankruptcy code preempts the FDCPA.  Therefore, the Court should stay discovery in this case until after the resolution of the Motion to Dismiss and should enter a protective order allowing Atlas to refrain from responding to Plaintiff's First Set of Interrogatories and First Request for Production of Documents and Other Tangible Things, served May 7, 2015, until thirty (30) days after Atlas' pending Motion to Dismiss is resolved.

Finally, Plaintiff will not suffer prejudice by the granting of this motion. *See Leigh v. Warner Brothers, Inc*., 212 F.3d 1210, 1212 (11th Cir. 2000) (a party objecting to the grant of a stay must "show substantial harm to its case" from granting of the motion for protective order staying discovery) (*citing Carmical v. Bell Helicopter Textron Inc*., 117 F.3d 490, 493 (11th Cir. 1997)). A short additional delay will cause no prejudice and certainly no "substantial harm" to Plaintiff.

## CONCLUSION

For the foregoing reasons, Atlas respectfully requests that the Court stay discovery and enter an order protecting Atlas from responding First Set of Interrogatories and First Request for Production of Documents and Other Tangible Things, served May 7, 2015, until thirty (30) days after Atlas' pending Motion to Dismiss is resolved

## CERTIFICATION UNDER LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g), the undersigned certifies that her office has conferred with Max Hunter Story, attorney for Plaintiff, but at the time of filing had not heard back from opposing counsel.

Respectfully submitted this 9th day of June, 2015.

*/s/ Erin M. Bradford*
Erin M. Bradford, Esquire
Florida Bar No. 91325
KASS SHULER, P.A.
1505 N. Florida Avenue
Tampa, FL  33602
Email: ebradford@kasslaw.com
Secondary: lbarszcz@kasslaw.com
Telephone:  (813) 229-0900 x1487
Fax:  (813) 229- 3323
*Attorney for Defendant, Atlas Acquisitions, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 9, 2015 a copy of the foregoing was served

upon the following counsel of record via the CM/ECF system:

Max Hunter Story
MAX HUNTER STORY, P.A.
328 2nd Avenue North
Jacksonville Beach, Florida 32250
max@storylawgroup.com

*/s/ Erin M. Bradford*
Erin M. Bradford, Esquire
Florida Bar No. 91325